Rachel M. Walsh (SBN 250568)
rwalsh@goodwinprocter.com
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 24th Floor
San Francisco, California 94111
Tel:  415.733.6000
Fax:  415.677.9041

Attorneys for Defendant
*Alex Mack, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMPOUND LABS, INC, <br><br> Plaintiff, <br><br> v. <br><br> ALEX MACK, INC, <br><br> Defendant. | **Case No.** 3:20-cv-02370-EMC <br><br> **ANSWER** <br><br> Judge:   Hon. Edward M. Chen |

Defendant Alex Mack, Inc. ("Alex Mack"), by and through its undersigned counsel, answers the Complaint filed by Compound Labs, Inc. ("CLI" or "Plaintiff") as follows.  Alex Mack denies each and every allegation in CLI's Complaint that is not specifically admitted herein.

## INTRODUCTION

1. Alex Mack is without knowledge or information sufficient to admit or deny the allegations in paragraph 1, and on that basis, denies the allegations.

2. Alex Mack denies the implication that it seeks to offer the same or similar services to Compound.  Alex Mack is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 2, and on that basis, denies the allegations.

3. Alex Mack admits that it has developed an application that allows users to deposit, pool, withdraw, and transfer currency through a shared electronic platform.  Alex Mack further admits that users of its application can spend their money using a Mastercard-backed debit card.  Alex Mack admits that it offers these services under the name COMPOUND and sought to file a federal trademark application for that name.  Alex Mack denies the remaining allegations of paragraph 3.

4. Alex Mack admits that this action brought by CLI does not assert claims concerning the underlying technology of Alex Mack and CLI's products or services.  Alex Mack denies the remaining allegations of paragraph 4.

5. Alex Mack states that the allegations contained in paragraph 5 are argumentative and conclusory in nature, and therefore require no response.  To the extent any response is required, Alex Mack denies the allegations of paragraph 5.

## JURISDICTION AND VENUE

6. This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, for the purposes of this case only, Alex Mack does not contest subject matter jurisdiction.

7. This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, for the purposes of this case only, Alex Mack does not contest personal jurisdiction.  Alex Mack denies the remaining allegations of paragraph 7.

8. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, for the purposes of this case only, Alex Mack does not contest venue. Alex Mack denies the remaining allegations of paragraph 8.

## INTRADISTRICT ASSIGNMENT

9. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, for the purposes of this case only, Alex Mack does not contest the assignment of this dispute on a District-wide basis. Alex Mack denies the remaining allegations of paragraph 9.

## PARTIES

10. Alex Mack is without knowledge or information sufficient to admit or deny the allegations in paragraph 10, and on that basis, denies the allegations.

11. Alex Mack admits that it is a Delaware corporation with its principal place of business in San Francisco.

## GENERAL ALLEGATIONS

12. Alex Mack is without knowledge or information sufficient to admit or deny the allegations in paragraph 12, and on that basis, denies the allegations.

13. Alex Mack is without knowledge or information sufficient to admit or deny the allegations in paragraph 13, and on that basis, denies the allegations.

14. Alex Mack is without knowledge or information sufficient to admit or deny the allegations in paragraph 14, and on that basis, denies the allegations.

15. Alex Mack is without knowledge or information sufficient to admit or deny the allegations in paragraph 15, and on that basis, denies the allegations.

16. Alex Mack is without knowledge or information sufficient to admit or deny the allegations in paragraph 16, and on that basis, denies the allegations.

17. Alex Mack is without knowledge or information sufficient to admit or deny the allegations in paragraph 17, and on that basis, denies the allegations.

18. Alex Mack is without knowledge or information sufficient to admit or deny the allegations in paragraph 18, and on that basis, denies the allegations.

19. Alex Mack is without knowledge or information sufficient to admit or deny the allegations in paragraph 19, and on that basis, denies the allegations.

20. Alex Mack is without knowledge or information sufficient to admit or deny the allegations in paragraph 20, and on that basis, denies the allegations.

21. Alex Mack is without knowledge or information sufficient to admit or deny the allegations in paragraph 21, and on that basis, denies the allegations.

22. Alex Mack admits that Alex Mack was founded in December 2018 by Amanda Peyton and Todd Berman.  Alex Mack further admits that Amanda Peyton previously founded two technology companies and has been described as a "technology entrepreneur and enthusiast." Alex Mack denies the remaining allegations of paragraph 22.

23. Alex Mack admits that it offers a software application that allows users to pool funds that group members can access. Alex Mack agrees that users can deposit, withdraw, pool, and transfer their funds and can obtain a debit card to spend the pooled assets. Alex Mack denies the remaining allegations of paragraph 23.

24. Alex Mack admits that Alex Mack offered its financial application and debit card services under the name COMPOUND.  Alex Mack denies the remaining allegations of paragraph 24.

25. Alex Mack admits that it registered the domain compound.co on or around February 2019.  Alex Mack denies the remaining allegations of paragraph 25.

26. Alex Mack denies the allegations of paragraph 26.

27. Alex Mack admits that it is presently using the COMPOUND name in connection with its products and services and for the purposes of recruiting employees.  Alex Mack denies the remaining allegations of paragraph 27.

28. Alex Mack denies the allegations of paragraph 28.

29. Alex Mack admits the allegations of paragraph 29.

30. Alex Mack admits that its products and services and those of CLI are available through the internet and via distinct software applications.  Alex Mack denies the remaining allegations of paragraph 30.

1    31.    Alex Mack admits that it and CLI presently operate their distinct websites.  Alex Mack denies the remaining allegations of paragraph 31.

2    32.    Alex Mack admits that the term COMPOUND appears multiple times on the compound.co website.  Alex Mack further admits that the term COMPOUND appears in connection with listings for its software application on various app stores.  Alex Mack denies the remaining allegations of paragraph 32.

3    33.    Alex Mack admits that Amanda Peyton's LinkedIn profile states that she is a "Co-Founder at Compound" and that Todd Berman's profile on the same site states he is a "CTO/Founder at Compound."  Alex Mack denies the remaining allegations of paragraph 33.

4    34.    Alex Mack admits that it recruits for employees using the domain jobs.lever.co/compound.  Alex Mack also admits that these listings refer to positions such as "Head of Product Design" or "Software Engineer" "at Compound."  Alex Mack denies the remaining allegations of paragraph 34.

5    35.    Alex Mack is without knowledge or information sufficient to admit or deny the allegations in paragraph 35, and on that basis, denies the allegations.

6    36.    Alex Mack admits that it filed an intent-to-use trademark application with the United States Patent and trademark Office ("PTO") in connection with software, software applications, and financial services.  Alex Mack denies the remaining allegations of paragraph 36.

7    37.    Alex Mack admits the allegations of paragraph 37.

8    38.    Alex Mack admits that CLI applied to the PTO for a registration of the COMPOUND mark on August 16, 2019.   Alex Mack admits that the application claimed a first use of April 8, 2018 and a first use in commerce of September 27, 2018.  Alex Mack denies the remaining allegations of paragraph 38.

9    39.    Alex Mack admits that CLI filed a Notice of Opposition against Alex Mack's application before the PTO on September 9. 2019.  Alex Mack denies the remaining allegations of paragraph 39.

10    40.    Alex Mack admits the allegations of paragraph 40.

4
ANSWER                                                                CASE NUMBER: 3:20-cv-02370-EMC
ACTIVE/103706398.2

1   41.   Alex Mack admits that it withdrew its application under 37 C.F.R. § 2.68 on or around January 28, 2020.  Alex Mack denies the remaining allegations of paragraph 41.

42.   Alex Mack admits the allegations of paragraph 42.

43.   Alex Mack admits that it is presently using the COMPOUND name in connection with its products and services.  Alex Mack denies the remaining allegations of paragraph 43.

## COUNT I

44.   Alex Mack incorporates each of the preceding paragraphs as if fully set forth herein.

45.   Alex Mack denies the allegations of paragraph 45.

46.   Alex Mack denies the allegations of paragraph 46.

47.   Alex Mack denies the allegations of paragraph 47.

48.   Alex Mack denies the allegations of paragraph 48.

49.   Alex Mack denies the allegations of paragraph 49.

50.   Alex Mack denies the allegations of paragraph 50.

51.   Alex Mack denies the allegations of paragraph 51.

52.   Alex Mack denies the allegations of paragraph 52.

53.   Alex Mack denies the allegations of paragraph 53.

54.   Alex Mack denies the allegations of paragraph 54.

## COUNT II

55.   Alex Mack incorporates each of the preceding paragraphs as if fully set forth herein.

56.   Alex Mack denies the allegations of paragraph 56.

57.   Alex Mack denies the allegations of paragraph 57.

58.   Alex Mack denies the allegations of paragraph 58.

59.   Alex Mack denies the allegations of paragraph 59.

60.   Alex Mack denies the allegations of paragraph 60.

61.   Alex Mack denies the allegations of paragraph 61.

62.   Alex Mack denies the allegations of paragraph 62.

63.   Alex Mack denies the allegations of paragraph 63.

64.   Alex Mack denies the allegations of paragraph 64.

1    65.    Alex Mack denies the allegations of paragraph 65.

## COUNT III

3    66.    Alex Mack incorporates each of the preceding paragraphs as if fully set forth herein.

4    67.    Alex Mack denies the allegations of paragraph 67.

5    68.    Alex Mack denies the allegations of paragraph 68.

6    69.    Alex Mack denies the allegations of paragraph 69.

7    70.    Alex Mack denies the allegations of paragraph 70.

8    71.    Alex Mack denies the allegations of paragraph 71.

9    72.    Alex Mack denies the allegations of paragraph 72.

10    73.    Alex Mack denies the allegations of paragraph 73.

## COUNT IV

12    74.    Alex Mack incorporates each of the preceding paragraphs as if fully set forth herein.

13    75.    Alex Mack denies the allegations of paragraph 75.

14    76.    Alex Mack denies the allegations of paragraph 76.

15    77.    Alex Mack denies the allegations of paragraph 77.

16    78.    Alex Mack denies the allegations of paragraph 78.

17    79.    Alex Mack denies the allegations of paragraph 79.

18    80.    Alex Mack denies the allegations of paragraph 80.

## COUNT V

20    81.    Alex Mack incorporates each of the preceding paragraphs as if fully set forth herein.

21    82.    Alex Mack denies the allegations of paragraph 82.

22    83.    Alex Mack denies the allegations of paragraph 83.

23    84.    Alex Mack denies the allegations of paragraph 84.

24    85.    Alex Mack denies the allegations of paragraph 85.

25    86.    Alex Mack denies the allegations of paragraph 86.

## PLAINTIFF'S PRAYER FOR RELIEF

27    87.    Alex Mack denies that CLI is entitled to any of the relief sought in the request for relief or any relief whatsoever and that Alex Mack be awarded its costs and attorneys' fees in

connection with defending this action and all other and further relief that the Court deems just and proper.

### AFFIRMATIVE DEFENSES

88. Without any admissions as to burdens of proof or persuasion, and expressly reserving its right to assert additional defenses, and incorporating its pleadings by reference herein, Alex Mack states the following affirmative defenses:

### First Affirmative Defense

89. Plaintiff's claims are barred in whole or in part because Plaintiff's asserted trademarks are unenforceable or invalid.

### Second Affirmative Defense

90. Plaintiff has not and will not suffer irreparable harm from the denial of the relief it seeks. Given the fact that Plaintiff and Alex Mack operate in fundamentally distinct businesses targeting different customers, Plaintiff will not able to prove that it has suffered any actual harm. Moreover, even if Plaintiff were able to show a likelihood of confusion exists – and they cannot – Plaintiff cannot show that its goodwill has been in any way harmed.

### Third Affirmative Defense

91. Plaintiff's claims are barred in whole or in part by the doctrine of laches, waiver, equitable estoppel and/or other applicable equitable defenses.

### Fourth Affirmative Defense

92. Plaintiff will not suffer irreparable harm from the denial of the relief they seek.

### Fifth Affirmative Defense

93. Plaintiff has not suffered damage based on any action by Alex Mack or its users.

94. Alex Mack hereby reserves the right to rely upon any additional defenses that may be revealed or discovered during the pendency of this case.

### JURY DEMAND

95. Alex Mack respectfully requests a trial by jury on all issues so triable.

| | | |
|---|---|---|
| 1 | Dated: June 10, 2020 | Respectfully submitted, |
| 2 | | **GOODWIN PROCTER LLP** |

/s/ Rachel M. Walsh
Rachel M. Walsh (SBN 250568)
*rwalsh@goodwinprocter.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center, 24th Floor
San Francisco, CA 94111
T: 415.733.6000
F: 415.677.9041

Attorneys for Plaintiff and Counterclaim Defendant
*Alex Mack, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system On June 10, 2020. I further certify that all participants in the case are registered CM/ ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on June 10, 2020.

/s/ Rachel M. Walsh
Rachel M. Walsh